UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEANNETTE HENDERSON, *et al.*, ) | Case No. 1:22 CV 745 |
| ) | |
| Plaintiffs ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| UNIVERSITY HOSPITALS CLEVELAND ) | |
| MEDICAL CENTER, *et al.*, ) | |
| ) | MEMORANDUM OPINION |
| Defendants ) | AND ORDER |

## I. INTRODUCTION

*Pro se* plaintiffs Jeannette Henderson and Fredrick Bolden filed this *in forma pauperis* action against "University Hospitals Cleveland Medical Center/David Simpson Hospice House," Jeffrey Schechtman, Robert Peter Phillips-Plona, and Audrey Ann Miller (Doc. No. 1).

For the reasons that follow, the action is hereby dismissed.

## II. BACKGROUND

Plaintiffs' complaint contains very few factual allegations. As best the Court can discern, the allegations concern the medical treatment Plaintiff Henderson received from the defendants. Plaintiffs allege "inhumane treatment which is a violation of Title VI Civil Human Rights Act of 1964 ... and the Ohio Civil Rights Act ... and disability discrimination in health care" that ultimately resulted in "mental and physical impairment to both plaintiffs," Henderson's death, "and deprivation of federal constitutional rights." Plaintiffs also allege that Defendant University Hospitals Cleveland

Medical Center "violated [Henderson's] right to equality in public places, discrimination against Plaintiffs, neglected [Henderson's] breathing, physical therapy, and its severity." According to the complaint, Defendants "lacked situational awareness ... during patient engagement, registration, check-in, and orientation," failed to properly treat Henderson during her hospice stay, misdiagnosed Henderson's medical condition, made numerous errors in treatment, and prescribed incorrect medication that ultimately resulted in permanent brain damage. Plaintiffs claim that the defendants' actions "violat[ed] standards of care and [Henderson's] civil rights." Finally, it appears that Plaintiffs claim the defendants ignored Bolden's requests for assistance with Henderson. (*Id.* at 2).

Plaintiffs seek $10,000,000 in damages.

### III. DISCUSSION

#### A. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### B. Analysis

As an initial matter, an adult litigant who wishes to proceed *pro se* must personally sign the complaint or petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, N.D.Ohio No. 1:15 CV 1935, 2015 U.S. Dist. LEXIS 156558, * 23 (Nov. 18, 2015) (citing 28 U.S.C. § 1654). Upon review, the Court finds that Henderson did not physically sign the complaint filed in this action. Further, if Henderson is now deceased, there is no signature purporting to be that of the administrator or executor of her estate. The Court is, therefore, without jurisdiction to hear Henderson's claims.

To the extent Bolden seeks to represent Henderson's interests, there is no indication from the complaint that Bolden is an attorney licensed to practice law. And a *pro se* litigant may not represent

anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer"); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself"); *see also Jackson v. Kment*, No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, * 20 (E.D. Mich. Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). Bolden therefore lacks standing to represent Henderson's interests, and any purported claims concerning Henderson will not be considered. Further, to the extent that any of the purported claims pertain to Bolden, these claims must also be dismissed.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, the complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as Bolden's pleading fails to include virtually any factual allegations, or assert a discernable claim based on recognized legal authority. Thus, he fails to state a claim upon which relief can be granted.. Although the complaint alleges "a violation of Title VI Civil Human Rights Act of 1964," "disability discrimination in health care," and "deprivation of federal constitutional rights," these

statements are nothing more than a conclusory "defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. Moreover, the pleading, which is largely about Henderson, fails to connect any alleged events or occurrences to any specific injury to Bolden and how each of the defendants harmed him. Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

Additionally, as Bolden fails to cite to any specific provision of the Civil Rights Act, the Court and the defendants are left to guess at what the plaintiff's claim is and the grounds upon which it rests. Plaintiff's complaint therefore does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and must be dismissed. *See Twombly*, 550 U.S. at 555; *Hall v. ECDI*, No. 1:13 CV 1793, 2013 U.S. Dist. LEXIS 155607, at *3 (N.D. Ohio Oct. 30, 2013) (Plaintiff's failure to cite a specific provision of a federal Act Defendant allegedly violated did not provide the defendant fair notice of Plaintiff's claim and therefore failed to meet Rule 8 requirements).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Bolden's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is hereby dismissed pursuant to 28 U.S.C. §1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 25, 2022